UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| REGINALD D. SEVAYEGA, | ) | CASE NO. 1:05CV1059 |
| | ) | |
| Petitioner - Appellant, | ) | JUDGE ECONOMUS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE HEMANN |
| | ) | |
| ADULT PAROLE AUTHORITY, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent - Appellee. | ) | Docket ##8, 9 |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is respondent's motion to dismiss petitioner's petition as successive ("Resp. mot."; Docket #8). Petitioner, Reginald D. Sevayega ("Sevayega"), opposes respondent's motion and moves for summary judgment on the merits of his petition ("Pl. mot."; Docket #9). For the reasons given below the magistrate judge recommends that the court grant respondent's motion and dismiss Sevayega's petition.

I.

On December 14, 1992, the Cuyahoga County Grand Jury indicted Sevayega on one count of rape and two counts of tampering with evidence. On July 23, 1993, after a jury trial, the court sentenced Sevayega to seven to 25 years on the count of rape and one year on each of the counts of tampering with evidence, the latter two sentences to be served concurrently with each other and consecutively to the sentence for the count of rape.

Sevayega timely appealed his conviction to the state appellate court, raising three assignments of error:

> Assignment of Error No. 1:  The appellant should be granted a new trial due to ineffective assistance of counsel.
>
> Assignment of Error No. 2:  The appellant should be granted a new trial due to the lower court's error in denying the defendant's motion for acquittal due to lack of evidence.
>
> Assignment of Error No. 3: The appellant should be granted a new trial because he was denied a fair trial due to prosecutorial misconduct.[1]

The court of appeals affirmed the judgment of the trial court on September 22, 1994, denying all three grounds for relief on the merits.

Sevayega filed an appeal in the Ohio Supreme Court on November 15, 1994, raising two claims of error:

> Assignment of Error No. 1: The appellant should be granted a new trial due to ineffective assistance of counsel.
>
> Assignment of Error No. 2: The appellant should be granted a new trial due to the lower court's error in denying the defendant's motion for acquittal due to lack of evidence.

The Ohio Supreme Court denied the appeal on March 1, 1995 for failure to raise a substantial constitutional question.

Sevayega filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 6, 1996.  In his petition he asserted three grounds for relief:

> Ground one:  The appellant should be granted a new trial because the defendant was denied a fair trial due to prosecutorial misconduct.
>
> Ground two:  The appellant should be granted a new trial due to ineffective

---

[1] The third assignment of error did not appear in the brief filed by appellate counsel. It was raised in a *pro se* brief filed separately.

assistance of counsel.

Ground three: The appellant should be granted a new trial due to the lower court's error in denying the defendant's motion for acquittal due to lack of evidence.

On February 21, 1997 the court dismissed Sevayega's petition.  The court also found that Sevayega had not made a substantial showing of the denial of a constitutional right and denied Sevayega a writ of appealability.

Sevayega filed a notice of appeal of the district court's decision on March 20, 1997. On September 24, 1997 the Sixth Circuit denied Sevayega's application for a certificate of appealability.

On November 21, 1997 Sevayega filed in the trial court a petition for postconviction relief:

> In his petition, he asserted that "impeachment/exculpatory" evidence had been withheld by the prosecutor at his trial. According to Sevayega, on October 2, 1997, a friend of his had gone to the Records Department of the Cleveland Police Department and discovered that the original "Offense/Incident Report" regarding his offenses was not in the file.  This same friend returned to the Department on October 6, 1997, and found the report in the file. According to Sevayega, this newly discovered report stated that the victim reported that she had been raped in the "basement of the Arts Building," rather than in a piano practice room in the Humanities Building, as she testified at trial.  Sevayega argued that the fact that the incident report was missing from the file on October 2, 1997, indicated that the prosecutor had committed a *Brady* violation in purposely withholding this document from defense counsel at trial.  Also attached to Sevayega's petition was a "Chronology" of events prepared on September 11, 1992, by Kathryn M. Hall, Director of Affirmative Action and Diversity at Tri-C. In this chronology, Hall reported that Figuera met with her and reported that Sevayega had raped her "as they rounded a dark hallway."  Although Sevayega admitted in his petition that this chronology had been provided to his defense counsel prior to trial, he argued that, in conjunction with the allegedly missing police report, it indicated that the prosecutor had knowingly allowed the victim to testify falsely at trial that she had been raped in a piano practice room.
>
> Finally, Sevayega argued that there were discrepancies on the allegedly newly discovered police report regarding the date on which Figueroa reported the rape. The report, dated 10/30/1992, stated that "on *8/19/02* received an assignment

> to do an investigation [of] rape that occurred at the Arts Building at Cuyahoga Community College. On *8/28/92* the victim came to the Sex Crime Unit and reported that on 7/20/92 at approx. 1015 hrs. the above-named suspect vaginally raped her in the basement of the Arts Building * * *." (Emphasis added).  A supplemental narrative to the report, also dated 10/30/92, reported that "on *8/17/92* after obtaining statements from the victim, the suspect and witnesses involved in the case, we also obtained a large amount of evidence * * *." (Emphasis added). Sevayega argued that the discrepancies between the dates indicated that the prosecutor falsified the supplemental report and, further, supported his claim that the prosecutor had knowingly allowed Figueroa to present perjured testimony at trial.

*State v. Sevayega*, 2004 WL 2891913, at *2 (Ohio App. Dec. 9, 2004).

When the trial court failed to make a ruling on Sevayega's petition within ten months, Sevayega filed a petition in the Ohio Supreme Court for a writ of mandamus to compel the trial court to issue a ruling on Sevayega's motion for postconviction relief.  On September 22, 1998 the trial court denied Sevayega's petition as untimely.  The trial court also looked at the merits of Sevayega's claims in the alternative.  The court found as follows:

> Petitioner offers not a scintilla of evidence to prove his outrageous allegations.  Even if the report was missing from the file at some point in October of 1997, this in no way suggests that the report was not in the file and available to the defense at the time of trial.  Petitioner offers no evidence to support his allegations and this Court will not leap to the conclusion of misconduct by the prosecution.
>
> Assuming arguendo that the information in the report were not available to defense at the time of trial, Petitioner's rights to due process and a fair trial were not violated.  Any internal memorandums or documentation by prosecutors or their agents, prepared in connection with a case, must only be disclosed if they contain any exculpatory evidence under Crim.R. 16(B)(2).
>
> Petitioner argues that the report in question contained exculpatory evidence.  The floor of the [A]rts [B]uilding where the rape occurred is different in the report than it is in other evidence placed before the court at trial.  This fact, in and of itself, can hardly be seen as exculpatory.  To be considered exculpatory, evidence must be of the caliber to create a strong possibility of a different result at trial.  *Dayton v. Martin* (1987), 43 Ohio App.3d 87, 539 N.E.2d 646.  Clearly, a slight discrepancy in a report does not rise to this high standard.
>
> In *Giglio v. United States* (1972), 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104, the Court held that due process is not violated when new evidence is discovered

> after trial that may have been useful to the defense, unless the presentation of such evidence would have been likely to change the verdict at trial. Clearly, the fact that the report may mistakenly state the floor on which the rape took place does not change the overwhelming weight of the rest of the evidence presented at trial. Petitioner also points to some other small discrepancies contained in reports. None of the issues raised by Petitioner rise to the standard provided for in *Giglio.*

*Sevayega*, 2004 WL 2891913 at *3 (quoting the trial court).

Sevayega appealed the trial court's dismissal of his petition to the state appellate court. The state appellate court dismissed his appeal as untimely filed. There is no record that Sevayega appealed this judgment to the Ohio Supreme Court, nor does Sevayega allege that he filed such an appeal.

On May 28, 1998 Sevayega moved in the federal district court to authorize the filing of a second application for habeas relief. On June 18, 1998 the court denied Sevayega's motion on the grounds that it lacked the authority to authorize a second application for habeas relief. On October 26, 1998 petitioner moved in the district court for an order to authorize a supplemental brief, and on November 12, 1998 he moved for an evidentiary hearing. The court denied these motions on November 23, 1998 and November 16, 1998 respectively.

In June 1999 Sevayega moved in the Sixth Circuit federal appeals court for an order authorizing a second or successive habeas petition. Sevayega contended in the brief accompanying his motion that new evidence established his innocence. On June 22, 1999 the Sixth Circuit issued an order denying Sevayega's motion.

In late 1999 Sevayega filed a petition in the state appellate court for a writ of mandamus, asking the court to order the custodian of the records of the Cleveland Police Department to send him copies of reports, notes, and witness statements related to the

5

investigation leading to his conviction in 1993. The appellate court denied Sevayega's petition on November 18, 1999. He timely appealed the denial to the Ohio Supreme Court. On December 20, 1999 the Ohio Supreme Court affirmed the judgment of the appellate court. *See State ex rel. Sevayega v. City of Cleveland*, 1999 WL 33915778 (Ohio December 20, 1999).[2]

Also in late 1999 Sevayega filed a petition in the state appellate court for a writ of mandamus to compel Dr. Frank Reis, Executive Vice President, Human Resources and Personnel at Cuyahoga Community College, to send him copies of certain documents related to his 1993 conviction. The state appellate court dismissed his petition as without merit on November 29,1999. Sevayega timely appealed the dismissal to the Ohio Supreme Court. That court dismissed Sevayega's appeal on January 12, 2000.

In early 2000 Sevayega petitioned the Ohio Supreme Court for a writ of mandamus to compel the Cuyahoga County prosecutor to send him copies of records related to his 1993 conviction. On February 2, 2000 the Ohio Supreme Court dismissed Sevayega's petition upon motion of the defendant. *See State ex rel. Sevayega v. Mason*, 88 Ohio St. 3d 1410, 723 N.E.2d 117 (2000).

Sevayega moved in 2002 in the Sixth Circuit for an order authorizing a successive habeas petition, again arguing that new evidence not disclosed by the prosecutor demonstrated that he was innocent and that his conviction was obtained through the use of fabricated evidence. The Sixth Circuit denied Sevayega's motion on August 1, 2002.

---

[2] Sevayega also petitioned the Ohio Supreme Court to issue a writ of mandamus in *State ex rel. Sevayega v. Blackmon*, 87 Ohio St. 3d 1416, 717 N.E.2d 1104 (1999). The Ohio Supreme Court denied the petition on October 20, 1999. The gravamen of the petition is not known.

6

Sevayega petitioned the Ohio Supreme Court for a writ of habeas corpus pursuant to Ohio Rev. Code § 2725.02. On March 5, 2003 the Ohio Supreme Court dismissed his petition. *Sevayega v. Bobby*, 98 Ohio St. 3d 1472, 784 N.E.2d 707 (2003).

On March 26, 2003 Sevayega filed in the Mahoning County Court of Common Pleas a petition for a state writ of habeas corpus pursuant to Ohio Rev. Code § 2725.02. Sevayega advanced seven propositions in support of his petition, including the discovery of new evidence, the failure of appellate counsel to argue ineffective assistance of counsel, and the failure of the Sixth Circuit Court of Appeals to apply the proper standard when reviewing his claim of actual innocence.[3] The petition was sent to the Ohio Seventh District Court of Appeals for a determination of the merits. The state appellate court dismissed Sevayega's petition on November 26, 2003, finding that he had failed to file his petition in the proper court, had failed to plead jurisdictional grounds for granting his petition, and had failed to show that extraordinary circumstances justified considering nonjurisdictional grounds for considering the petition. In finding that his claim of newly discovered evidence was without merit, the court made the following findings:

> Petitioner also claims that there is "newly discovered evidence" that can exonerate him, namely three investigative reports that Petitioner states were deliberately withheld by the prosecution pursuant to Crim.R. 16. In an attempt to

---

[3] Sevayega apparently confused Ohio's action in habeas corpus with the petition for a federal writ of habeas corpus. Both are statutory creatures with attenuated connections to the common law action of the same name. Law applicable to the federal writ of habeas corpus has no application to Ohio's action in habeas corpus and vice versa. Ohio's habeas corpus, found at Ohio Rev. Code Ch. 2725, is largely a challenge to the jurisdiction of the sentencing court. *See State ex rel. Pirman v. Mooney*, 69 Ohio St. 3d 591, 635 N.E.2d 26 (1994); *Stahl v. Shoemaker*, 50 Ohio St. 2d 351, 364 N.E.2d 286 (1977). State habeas relief is available in Ohio on nonjurisdictional grounds only in certain extraordinary circumstances where there is no adequate legal remedy. *Pirman,* 69 Ohio St. 3d at 593, 635 N.E.2d 26.

7

> bolster this claim, Petitioner included, among other pages of his trial transcript, page 313, wherein the admissibility of certain police reports is discussed. While the conversation is presented out of context, the extent to which it is presented is sufficient to demonstrate that the reports were not "new evidence" at all, but were instead reports deemed not to be subject to discovery. Because Petitioner was aware of the existence of the reports from, at the very least, the time of trial, to label them "new evidence" is a mischaracterization.

*Sevayega v. Bobby*, 2003 WL 22839346, at *2 (Ohio App. Nov. 26, 2003).  The court also noted that it lacked jurisdiction to consider claims that a federal court had erred.

In May 2003 Sevayega filed a second petition for postconviction relief in the trial court.  The state appellate court which heard Sevayega's appeal of the denial of this petition described Sevayega's petition and the trial court's decision as follows:

> In his petition he argued that:
>
> "[T]he postconviction trial judge abused her discretion in denying his petition when she (1) based her decision upon an erroneous view of the facts and the law; (2) failed to comport with the Supreme Court precedent when considering a claim of 'actual innocence'; (3) failed to comply with the mandates of R.C. 2953.21; and (4) failed to be impartial in the proceedings." He then offered 14 specific reasons regarding how the trial judge had allegedly abused her discretion in denying his petition.
>
> The gist of Sevayega's second petition, however, was that the trial court erred in denying his petition because he was not informed by the prosecutor prior to trial of the various discrepancies in the victim's statements regarding where the rape occurred or of alleged discrepancies on the police reports regarding when the rape was investigated by the police or reported by the victim. According to Sevayega, this information was exculpatory and also could have been used to impeach Figueroa's testimony at trial.
>
> Attached to Sevayega's petition were the same documents that had been attached to the first petition, as well as (1) a Cleveland Police Department Offense/Incident Report dated May 1, 2003, regarding the rape investigation; (2) a copy of a civil lawsuit filed against Sevayega and Tri-C by Figueroa on July 19, 1993; and (3) a 1992 article from The Call and Post Newspaper reporting on Sevayega's arrest and stating that the victim alleged that Sevayega raped her in "the classroom after other students had left."

*Sevayega*, 2004 WL 2891913, at *3-4.  The trial court held a hearing regarding Sevayega's

8

claims and, after consideration, denied the petition.

Sevayega appealed the denial of his petition for postconviction relief to the state appellate court. Sevayega asserted a single assignment of error in the appellate court, claiming that the trial court erred in denying his second petition for postconviction relief. The appellate court made the following findings in reviewing Sevayega's appeal:

> A trial court's ability to review successive postconviction petitions filed pursuant to R.C. 2953.21 is limited. As stated in R.C. 2953.23(A):
>
> "[A] court may not entertain * * * a second petition or successive petitions for similar relief on behalf of a petitioner unless * * *:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
>
> Accordingly, in addressing Sevayega's petition, we must first determine whether he set forth sufficient grounds to allow the trial court to entertain his successor petition. Sevayega must show that he was "unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief" [FN1] and that, but for the constitutional error, he would not have been found guilty. Sevayega's petition fails on both prongs.
>
> FN1. He does not contend that a newly recognized constitutional right gives him standing to raise his successor petition.
>
> First, Sevayega has not demonstrated that he was "unavoidably prevented" from discovery of the documents attached to his petition. Most of the documents were attached to his first petition; obviously, therefore, they were available to him as early as 1997. With respect to the three new documents attached to his second petition, Sevayega was clearly not prevented from discovering the 1992 Call and Post article nor the civil lawsuit filed against him by Figueroa before he filed his first

petition for postconviction relief in 1997.  Therefore, the only document at issue is the Cleveland Police Department Offense/Incident Report dated May 1, 2003.  This document contains the same narrative as that on the original Offense/Incident Report, which was attached to Sevayega's first petition.  Accordingly, this document offers nothing new to support Sevayega's petition.

Even assuming, however, for the sake of argument, that Sevayega was unavoidably prevented from discovering the documents attached to his petition, he must also show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty." R.C. 29053.23(A)(1)(b).  Sevayega alleges denial of his right to due process and a fair trial based on the prosecution's alleged failure to disclose exculpatory evidence as required by *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and its progeny.  *Brady* held, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87.

We find no merit to Sevayega's argument.  First, we are not persuaded that the prosecutor withheld any documents from defense counsel or allowed Figueroa to present perjured testimony.  Frank Gasper, lead prosecutor on the case, testified at the hearing regarding Sevayega's second petition that at a pretrial, he read the entire police report to Alan Rossman, defense counsel, as was his usual practice and the policy of the Major Trials Unit.  He testified further that he recognized there were discrepancies in Figueroa's initial statement to the police that the rape occurred in the basement of the Arts Building and her subsequent statement that it occurred in a piano practice room of the Humanities Building.  Gasper testified that he gave Figueroa's statement to Rossman to read at a pretrial.  He testified further that because he believed Figueroa was confused about where the rape occurred, he instructed the detectives to meet Figueroa at the college and take photographs of where she determined the rape occurred.  Gasper then gave copies of the photographs to Rossman.  Gasper also testified that he was particularly careful in the way he handled discovery in this case because Sevayega's mother was a friend of Stephanie Tubbs Jones, Cuyahoga County Prosecutor at the time, and she was concerned about the case.

Alan Rossman testified that he was aware at trial of inconsistencies in Figueroa's various statements regarding where the rape occurred and, further, that he cross-examined both her and Detective Hastings, one of the detectives who investigated the crime, about these inconsistencies.  He testified further that he had read the written statement Figueroa had given to Detective Hastings on August 28, 1992.  In that statement, Detective Hastings specifically asked Figueroa, "Tell me in your own words what exactly happened to you on 7/20/92 at approximately 2015 hours while you were in the Arts Building of Cuyahoga Community College."  She responded, "I think it was the Arts Building, but the campus is big and I get mixed

10

up." Furthermore, in the statement, she reported that Sevayega grabbed her, pushed her up against a wall and then raped her, but did not mention the piano practice room. Thus, contrary to Sevayega's argument, defense counsel was aware prior to trial that Figueroa had changed her story regarding where the rape occurred and he cross-examined her regarding the inconsistencies in her story.

Moreover, due process is not violated when new evidence that may have been useful to the defense is discovered after trial, unless the presentation of such evidence would have been likely to change the verdict at trial. See *Giglio v. United States* (1972), 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104. The evidence against Sevayega at trial was overwhelming. In light of the overwhelming evidence against him, he has not demonstrated, by clear and convincing evidence, that the discrepancies in the reports were material to the jury's verdict, nor that they "in any reasonable likelihood [would] have affected the judgment of the jury." Id.

Finally, Sevayega's claims are barred by the doctrine of res judicata. As this court stated in *State v. Apanovitch* (1995), 107 Ohio App.3d 82, 89, 667 N.E.2d 1041, "res judicata may be applied to petitions which raise issues upon the same facts or newly discovered evidence."

Here, it is apparent that Sevayega's second petition raises the exact same issues raised in his first petition. Moreover, it is apparent from the trial court's opinion quoted above that the trial court, in ruling on his first petition, expressly considered these issues. Accordingly, his petition is barred by the principles of res judicata.

Sevayega contends that res judicata should not apply in this instance, however, because his first petition was filed pro se. This court considered and rejected this same argument, however, in *State v. Adamson* (Mar. 23, 1995), Cuyahoga App. No. 67187, where we stated:

"A petition for postconviction relief is a civil proceeding. No constitutional right to counsel exists in a postconviction proceeding. We find no reason to preclude the application of res judicata because a petitioner in a civil proceeding without the right to counsel acted pro so. This is especially true where, as here, the claims were actually raised in the earlier petition."

As in *Adamson,* all of the claims raised in Sevayega's second petition were raised in his first petition. Accordingly, his second petition is barred by res judicata.

Because Sevayega failed to demonstrate, as required by R.C. 2953.23(A), that he was unavoidably prevented from discovery of the facts upon which he relied to present his claim and that no reasonable factfinder would have found him guilty of the offense, and, further, because his petition is barred by res judicata, the trial court properly denied his second petition for postconviction relief.

11

*Sevayega*, 2004 WL 2891913 at *4-6.  The state appellate court overruled Sevayega's assignments of error on December 9, 2004.  There is no record that Sevayega appealed this decision to the Ohio Supreme Court, nor does he allege that he did so.  *See* Pet. mot. at 5-6.

In July 2003 the trial court held a hearing regarding the recommendation of the Ohio Department of Rehabilitation and Correction that Sevayega be classified as a sexual predator.  The hearing presented testimony from five women that Sevayega had sexually harassed them.  It also heard testimony from a police detective and a licensed clinical counselor.  After considering the evidence the trial court determined that Sevayega was a sexual predator.

Sevayega filed a timely notice of appeal in the state appellate court challenging the trial court's determination that he was a sexual predator.  Sevayega asserted two assignments of error in his appellate brief:

> The court erred by overruling appellant's motion to stay proceedings pending the resolution of appellant's petition for post-conviction relief.
>
> The evidence was insufficient, as a matter of law, to prove by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses.

The state appellate court overruled Sevayega's assignments of error and affirmed the judgment of the trial court on September 16, 2004.  *State v. Sevayega*, 2004 WL 2071417 (Ohio App. Sept. 16, 2004).

Sevayega filed his current petition for a writ of habeas corpus on April 26, 2005.  He

asserts six grounds for relief in his petition:[4]

1. The Petitioner was denied equal protection of the law when the trial Court failed to comport with state statute, Ohio Supreme Court precedent and the law of the district when it arbitrarily designated him a predator when others similarly situated were not.

2. Judge Russo denied the Petitioner due process when she failed to comply O.R.C. 2953.21, [sic] the post conviction statute, requiring a hearing on substantive grounds for relief not negated by the records.

3. Judge Russo failed to know and comply with the statute and maintain impartiality when she neglected to consider the evidence and grant summary judgment on the petition's evidence.

4. The trial judge abused her discretion when she adopted the State's findings

---

[4] Pl. mot. states that the grounds of Sevayega's petition are as follows:

1. State withheld evidence that putative victim had proffered four different locations for alleged rape (2 nonexistent), concocted a fifth location with evidence and testimony known to be false at the time of trial, resulting in conviction of one who is actually innocent.

2. In 1997, petitioner offered two (2) conflicting police reports affecting credibility of "victim" and investigating officer, but postconviction court ignored Ohio statute and Supreme Court precedent and adopted State's inapposite findings which distorted trial record and preventing fair appellate review. Additionally, court failed to comport with U.S. Supreme Court precedent for handling claims of "actual innocence."

3. Petitioner denied due process when after filing claims of misconduct by police and prosecutors, and abuse of discretion by post conviction court, the petitioner was subjected to a perfunctory predator classification hearing in which court ignored predictive evaluation of court clinic predicting 6-7 recidivism rate. Court ignored Supreme Court precedent directly on point.

4. Newly discovered evidence gathered in 1997 and 2003 offer incontrovertible evidence that police produced four false police reports, prosecutors withheld evidence that putative victim had proffered four siti for the alleged crime and State presented false evidence and testimony of a fifth location at trial.

Pl. mot. at 6.

13

>
> verbatim without thoroughly checking the record to determine whether those findings were true.
>
> 5. The Petitioner was denied due process of law when the post conviction court failed to apply the probabilistic calculus required by the U.S. Supreme Court in *Schlup*.
>
>                \*     \*     \*     \*     \*
>
> [6]. The Petitioner's right to due process and equal protection were violated when the State's attorney conspired with college officials to deprive the petitioner of his profession and his freedom.

Respondent filed a motion to dismiss on September 7, 2005. Petitioner filed a motion for summary judgment in which he opposes respondent's motion on September 16, 2002. Thus, the petition is ready for decision.

## II.

Respondent contends that this court lacks jurisdiction to consider Sevayega's petition because (1) it is a successive petition and Sevayega has not obtained an order from the Sixth Circuit authorizing such a petition, and (2) Sevayega is not in custody pursuant to the judgment of a state court. Sevayega responds that the petition is not successive because it raises issues not raised in the first petition, because those issues have not been heard and decided on the merits, because he relies on newly-discovered evidence, and because the issues arise from due process violations resulting from the Ohio Supreme Court's refusal to review state appellate court rulings. Sevayega also argues that because he asserts that he is innocent, his petition is not subject to the successive petition rule. Finally, Sevayega contends that he is in custody within the meaning of the habeas statute.

A.    *Whether Sevayega's petition is successive*

Title 28 USCA § 2244(3)(A) is clear and unequivocal regarding this court's provenance to hear a second petition regarding the constitutionality of a detention arising from the judgment of a state court: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There are no exceptions for new claims, for unheard claims, for newly-discovered evidence,[5] for later constitutional violations related to the challenged state court judgment, or for claims of actual innocence.[6]  The failure to obtain permission from the circuit court to file a successive petition deprives the district court of subject matter jurisdiction to review the petition. *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005).

Sevayega's grounds for relief two, three, four, and five relate to Sevayega's detention arising from his 1993 conviction. Sevayega has already filed a habeas petition concerning that detention. In 1997 the district court dismissed that petition as without merit,

---

[5] In any case, Sevayega cannot rely on his assertion that he is entitled to a successive petition because his claims are based on newly-discovered evidence. As has been shown, the state courts have already determined that the evidence upon which Sevayega relies in this petition is not newly-discovered. This court must presume that the factual findings of state courts are correct, and Sevayega can only overcome that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Sevayega does not provide such evidence in his petition.

[6] Petitioner's reliance on *Schlup v. Delo*, 513 U.S. 298 (1995), to the contrary is misguided. *Schlup* was decided in 1995. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which imposed the current requirements for successive petitions, took effect in April 1996. Thus, the AEDPA superceded *Schlup* on this point. Moreover, Sevayega mistakenly attempts to apply *Schlup* to state court proceedings. *Schlup* is relevant only to federal petitions for a writ of habeas corpus. As was noted earlier, Ohio's action in habeas and the federal habeas remedy are entirely distinct, and caselaw relevant to one is not relevant to the other.

and the Sixth Circuit denied Sevayega's application for appeal. Since then, Sevayega has vainly sought permission to file a successive appeal once in the district court and twice in the Sixth Circuit court.

Sevayega has not sought and received permission to file this successive attack on his 1993 conviction. Consequently, this court has no subject matter jurisdiction to hear claims attacking that conviction. For this reason the magistrate judge recommends that Sevayega's second, third, fourth, fifth, and sixth grounds for relief be dismissed.

*B.     Whether Sevayega is in custody within the meaning of the habeas statute*

Respondent argues that Sevayega is not in custody as he had already been released from prison when he filed his habeas petition. Sevayega asserts that he was still in custody when he filed his petition because he was on parole at that time.

A federal court has jurisdiction to consider a petition for a writ of habeas corpus only when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The custody requirement does not necessitate that a petitioner "be physically confined in order to challenge his sentence on habeas corpus." *Maleng v. Cook,* 490 U.S. 488, 491 (1989). Imposition of parole subsequent to serving a term of imprisonment is sufficiently "custody" within the meaning of the habeas statute to give a district court jurisdiction over a habeas petition. *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *McVeigh v. Smith*, 872 F.2d 725 (6th Cir. 1989). Moreover, once jurisdiction has attached at the time the petition was filed, the expiration of parole does not moot the petition. The collateral consequences of the petitioner's conviction are sufficient to prevent the petition from dismissal as moot. *Yoder v. Celebrezze,* 856 F.2d 197 (6th Cir. 1988).

Sevayega had already been released from his imprisonment arising from his 1993 conviction at the time he filed this petition.  He was, however, on parole at the time of filing.  He was released from parole April 26, 2005, three days after filing the petition.  The restrictions imposed by Sevayega's parole at the time he filed his petition would have been sufficient to give this court jurisdiction over any grounds for relief challenging the constitutionality of his 1993 sentence (i.e., the sentence challenged by the second through sixth grounds for relief) had this court not been deprived of jurisdiction to review those claims by Sevayega's failure to obtain permission from the Sixth Circuit to file a successive petition. Further, the continuing collateral consequences of the 1993 conviction would have prevented dismissal of grounds two through sixth because of mootness.

But Sevayega's remaining claim for relief, ground one, does not challenge the custody resulting from his 1993 conviction.  His first ground for relief contends that Sevayega was denied equal protection by the court which designated him a sexual predator.  This is not an attack on the 1993 sentence which resulted in Sevayega's imprisonment and parole but an attack on the proceeding which resulted in his designation as a sexual predator.

The custody requirement of the habeas statute can only be satisfied if the petitioner is "'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng,* 490 U.S. at 490-91 (emphasis added).  Thus, whether Sevayega was in custody pursuant to his 1993 conviction is irrelevant to determining whether he was in custody for purposes of deciding whether this court has jurisdiction to consider Sevayega's first ground for relief.  The only relevant inquiry for that purpose is whether Sevayega was in custody pursuant to his designation as a sexual predator at the time he filed his petition.

17

The Sixth Circuit has found that the disabilities resulting from a designation as a sexual predator under Ohio law are insufficient to constitute custody pursuant to the habeas statute. *Leslie v. Randle*, 296 F.3d 518, 523-24 (6th Cir. 2002). Sevayega cannot argue, therefore, that he was in custody pursuant to his designation as a sexual predator at the time he filed this petition. Thus, this court is without jurisdiction to consider Sevayega's first ground for relief. For this reason the magistrate judge recommends that the court dismiss Sevayega's first ground for relief.

III.

For the reasons given above the magistrate judge recommends that the court grant respondent's motion and dismiss Sevayega's petition.

Date: October 27, 2005     /s/Patricia A. Hemann
                           Patricia A. Hemann
                           United States Magistrate Judge

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985) reh'g denied, 474 U.S. 1111 (1986).